# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Fidel Pajarillo, ) | |
| ) | |
| Appellant, ) | Case No.: 2:13-cv-00674-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| JP Morgan Chase Bank, N.A., *et al*. ) | |
| ) | |
| Appellees. ) | |
| ) | |

Pending before the Court is *pro se* Appellant Fidel Pajarillo's Motion to Consolidate Appeals (ECF No. 15) and concurrent request for extension of time to file his opening brief.

## I. BACKGROUND

On April 22, 2013, a Notice of Appeal from Bankruptcy Court (ECF No. 1) was entered before this Court as a result of an Election to Transfer (ECF No. 1-14) filed by Appellees JPMorgan Chase Bank, N.A. and California Reconveyance Company pursuant to 28 U.S.C. § 158(c)(1), Rule 8001(e)(1) of the Federal Rules of Bankruptcy Procedure, and Rule 8001(e)-1 of the Local Rules for the United States Bankruptcy Appellate Panel of the Ninth Circuit ("the BAP"). *See* 28 U.S.C. § 158(c)(1); Fed. R. Bankr. P. 8001(e)(1); 9th Cir. BAP R. 8001(e)-1.

In his appeal, Appellant requests review of a March 2013 order of Judge Bruce Markell of the United States Bankruptcy Court for the District of Nevada, entered in Appellant's Chapter 13 bankruptcy case ("the underlying case"). (Notice of Appeal, ECF No. 1-5; Am. Notice of Appeal, ECF No. 1-15.)   The underlying case had been closed in November 2012 and the Chapter 13 trustee had been discharged. (Notice of Appeal, ECF No. 1-5.)   The order closing the case cited Appellant's failure to make plan payments as a basis for discharge, in addition to Appellant's repeated failure to comply with procedural requirements and to make

required appearances. (*Id.*)  More than two months after the underlying case was closed, Appellant filed a Motion to Reopen Case and Judge Markell denied it in March 2013. (*Id.*) Appellant filed a deficient Notice of Appeal to the BAP, and before the BAP disposed of the appeal on the basis of Appellant's failure to remedy the deficiency, Appellees filed their Election to Transfer (ECF No. 1-14).

Upon the filing of the Notice of Appeal before this Court, Appellant was ordered to file his opening brief in June 2013, and he subsequently sought and obtained four extensions, the most recent of which set a deadline of September 30, 2013. (Min. Order, May 17, 2013, ECF No. 6; First Mot. to Extend Time, ECF No. 7; Order, June 3, 2013, ECF No. 8; Second Mot. to Extend Time, ECF No. 9; Third Mot. to Extend Time, ECF No. 10; Order, Aug. 1, 2013, ECF No. 12; Fourth Mot. to Extend Time, ECF No. 13; Order, Sept. 19, 2013, ECF No. 14.) However, instead of filing an opening brief, Appellant filed the instant Motion to Consolidate (ECF No. 15) on September 26, 2013, referring to two other bankruptcy appeals he had filed before the BAP, and for which no party has apparently elected to transfer.

## II. DISCUSSION

Here, the Court finds that Appellant has presented no legal authority or claims justifying a consolidation of the instant appeal with any other case pending in any other court.  Even if Appellant had sufficiently cited the appeals to which he refers, Appellant's conclusory statement that "[t]hese appeals generally involve the same properties and parties," without more, present no basis for the Court to consolidate the instant appeal with any other case. Therefore, the Court cannot grant Appellant's request, and must deny his Motion to Consolidate (ECF No. 15.)

In addition, Appellant conclusorily argues that "[t]he schedule for briefing should be adjusted accordingly," and fails to present any cause for the Court's grant of any further extensions to the deadline for the filing of his opening brief.  This is insufficient to constitute

"good cause" for a fifth extension. Notwithstanding this failure, and in recognition of Appellant's *pro se* status, the Court will grant Appellant twenty-one days from the date of this Order to file his opening brief. The Court finds that Appellant's reliance on his *pro se* status as his sole excuse for multiple procedural violations will no longer be sufficient to justify any further relief. The rules governing bankruptcy appeals are all publicly available[1], and Appellant's failure to comply with these rules has developed into an apparent demonstration of bad faith.

Accordingly, without more, the Court cannot find good cause for further non-compliance, and will grant no further extensions. Appellant's failure to file his opening brief by November 4, 2013, and any further failure to comply with procedural requirements, will result in dismissal of his appeal with prejudice, and this case will be closed.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Consolidate Appeals (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant shall file his Opening Brief by November 4, 2013. Failure to do so by this date will result in dismissal of the appeal, and this case will be closed.

**DATED** this 9th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[1] See United States Code, Title 28, 28 U.S.C. §§ 157–158, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Appellate Panel of the Ninth Circuit, and the website for the United States Bankruptcy Court for the District of Nevada, available at http://www.nvb.uscourts.gov.