UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>Fidel Pajarillo,<br>　　　　　Debtor<br><br>Fidel Pajarillo,<br>　　　　　Appellant,<br>　vs.<br>JP Morgan Chase Bank, N.A., *et al.*<br>　　　　　Appellees. | Case No.: 2:13-cv-00674-GMN-CWH<br><br>**MEMORANDUM & OPINION**<br><br>Appeal from the United States Bankruptcy Court for the District of Nevada<br><br>Bk No.: 2:11-bk-28697-BAM |

Fidel Pajarillo ("Pajarillo" or "Appellant") appeals the March 7, 2013, order of Judge Bruce Markell of the United States Bankruptcy Court for the District of Nevada ("the bankruptcy court") denying his motion to reopen his Chapter 13 bankruptcy case, *In re: Pajarillo*, No. 2:11-bk-28697-BAM ("the underlying case"). (Notice of Appeal, ECF No. 1-5.)

**I. PROCEDURAL HISTORY**

On April 22, 2013, Pajarillo's appeal was docketed before this Court as a result of an Election to Transfer (ECF No. 1-14) filed by Appellees JPMorgan Chase Bank, N.A., and California Reconveyance Company pursuant to 28 U.S.C. § 158(c)(1), Rule 8001(e)(1) of the Federal Rules of Bankruptcy Procedure, and Rule 8001(e)-1 of the Local Rules for the United States Bankruptcy Appellate Panel of the Ninth Circuit ("the BAP"). *See* 28 U.S.C. § 158(c)(1); Fed. R. Bankr. P. 8001(e)(1); 9th Cir. BAP R. 8001(e)-1.

On May 16, 2013, the bankruptcy court clerk transmitted a certificate of record[1] to this Court, indicating that the record was complete for the purposes of appeal[2]. (Certificate of Readiness, ECF No. 5.) On March 7, 2014, the bankruptcy court clerk transmitted the complete record on appeal (ECF No. 21)[3] upon request of the Court[4]. On March 18, 2014, the Court held a hearing for this appeal, at which Pajarillo and counsel for Appellees JPMorgan Chase Bank, N.A. and California Reconveyance Company appeared. (Mins. of Proceedings, ECF No. 23.)

**A. Bankruptcy Court Proceedings**

In the underlying case, Pajarillo filed a Chapter 13 petition in December 2011; and he filed a related adversary complaint in March 2012.[5] In May 2012, Pajarillo's Chapter 13 petition was dismissed for failure to make plan payments; and Pajarillo's adversary complaint was dismissed in orders dated September and October 2012. The adversary action was closed

---

[1] "When the record, including any transcript, is complete for purposes of appeal, the bankruptcy clerk will transmit a certificate of record to the clerk of the district court or other appellate court and will notify the parties of the date that the certificate of record was filed." D. Nev. R. III. 8007; *see also* Fed. R. Bankr. P. 8007(b).

[2] "The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court." Fed. R. Bankr. P. 8006.

[3] Although not numbered by the bankruptcy court clerk, the Court will cite to the ECF page numbers for its pinpoint citations to the record (ECF No. 21). Also, although not labeled or otherwise marked by the bankruptcy court clerk, the record includes the following bankruptcy court filings from the underlying case, *In re: Pajarillo*, No. 2:11-bk-28697 (Bankr. D. Nev. May 16, 2013), of which the Court takes judicial notice:

  A. Clerk's Certificate of Readiness, May 16, 2013, ECF No. 83 (R. at 1);
  B. Pajarillo's Notice of Appeal, March 19, 2013, ECF No. 69 (R. at 2–5);
  C. Pajarillo's Amended Notice of Appeal, April 16, 2013, ECF No. 6 (R. at 6–12); and
  D. Pajarillo's Response to the BAP's Notice of Deficient Appeal and Impending Dismissal, April 17, 2013, ECF No. 81 (R. at 13–15).

(ECF No. 21.) The Court also takes judicial notice of the bankruptcy court order from which Pajarillo appeals, which was submitted by Pajarillo in his Notice of Appeal as an attachment (R. at 2–4). *See* "Order Den. Pl.'s Mot. Reopen Case – FRBP 5010," *In re: Pajarillo*, No. 2:11-bk-28697 (Bankr. D. Nev. March 7, 2013), ECF No. 66.

[4] "The bankruptcy court clerk will retain the record until the district court or other appellate court requests it." D. Nev. R. III. 8007.

[5] The Court takes judicial notice of the docket for *In re: Pajarillo*, No. 2:11-bk-28697 (Bankr. D. Nev. May 16, 2013).

1  in October 2012.  The underlying case was then closed in November 2012, and the trustee was
2  discharged.   On January 25, 2013, Pajarillo filed a motion to reopen the underlying case.  At a
3  hearing on February 28, 2013, Judge Markell denied Pajarillo's motion in a bench ruling.  The
4  order for Judge Markell's ruling was then prepared pursuant to Local Rule 9021 by counsel for
5  JPMorgan Chase Bank, N.A., and California Reconveyance Company.  Judge Markell signed
6  the order, and it was entered in the docket on March 7, 2013.

7  In his March 7, 2013, order denying Pajarillo's motion to reopen the underlying case,
8  Judge Markell included a recitation of the relevant procedural history. (*See* R. at 3.)  Judge
9  Markell explained that, in the underlying case, Pajarillo had "filed a Chapter 13 voluntary
10  petition on December 5, 2011, which was dismissed on May 17, 2012 for multiple reasons
11  include [sic] failure to make plan payments." (*Id.*)

12  Judge Markell also discussed Pajarillo's related adversary proceeding, No. 2:12-bk-
13  01049-BAM ("the adversary proceeding") for which Pajarillo had "filed an adversary
14  complaint . . . on March 6, 2012, which was dismissed by Court orders dated September 14,
15  2012 . . . and October 22, 2012." (*Id.*)  Referring to those two adversary proceeding orders,
16  Judge Markell explained that "[i]n its September 14, 2012 order, the Court stated that there is
17  no longer any reason for the Court to keep jurisdiction over [the adversary proceeding] as
18  'Debtor's underlying bankruptcy has been dismissed,'" and that "[i]n its October 22, 2012
19  order, the court [sic] noted that dismissal [of the adversary proceeding] was necessary because,
20  among other reasons, [Pajarillo] failed to demonstrate service of process on the defendants and
21  failed to appear at multiple scheduling conferences." (*Id.*)

22  Judge Markell then recited the procedural history for Pajarillo's motion to reopen the
23  underlying case, explaining that Pajarillo "filed a document entitled Plaintiff's Motion to
24  Reopen Case – FRBP 5010 ('Motion to Reopen') on January 25, 2013 (Dkt. 60) which was
25  fully briefed and set for hearing on February 28, 2013." (*Id.*)  Judge Markell explained that

Pajarillo appeared at the February 28, 2013, hearing "in proper person," along with counsel for "defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company," and that "the Court entertained and considered oral argument from the parties." (*Id.*) Judge Markell summarized his findings as stated at the hearing:

> after reviewing the Motion to Reopen and related filings, and considering oral argument of the parties, the Court found that [Pajarillo] had not demonstrated necessary grounds for reopening this bankruptcy case (case no. BK-11-28697-bam) or the related adversary action (case no. 12-01049-bam)

(*Id.*)

In conclusion, Judge Markell ordered "that for good cause shown, and the reasons stated herein and on the record, the Court hereby denies Plaintiff's Motion to Reopen and Case Nos. BK-11-28697-bam and 12-01049-bam shall remain CLOSED." (*Id.*)

The last page of the order consists of a signed certification by counsel for JPMorgan Chase Bank, N.A., and California Reconveyance Company pursuant to Rule 9021(c) of the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada[6]. (*Id.* at 4.) The certification indicates that Pajarillo communicated his disapproval to counsel for JPMorgan Chase Bank, N.A., and California Reconveyance Company[7]. (*Id.*)

Pajarillo filed his Notice of Appeal on March 19, 2013. (R. at 2.)

**B. Appellate Proceedings Before the BAP**

On March 22, 2013, the BAP entered a Notice of Deficient Notice of Appeal indicating

---

[6] Rule 9021 provides that, "[u]nless otherwise ordered, the attorney for the prevailing party must prepare all proposed findings of fact, conclusions of law, judgments, and orders," which "must accurately reflect the court's ruling." Bankr. D. Nev. R. 9021(a)(1)-(2).

[7] Rule 9021 provides that counsel preparing documents must transmit the documents "to all counsel or unrepresented parties who appeared at the hearing," and that "[u]nless the court orders otherwise, parties will have (3) business days from receiving proposed orders to communicate their approval or disapproval to the transmitting counsel." Bankr. D. Nev. R. 9021(b)(1)-(2). Rule 9021 provides further that "[i]f disapproved, the disapproving party will have five (5) business days from receiving the document to serve and file with the court a detailed statement of objections and an alternate proposal for the document;" and that "[a]pproval indicates only that the document accurately reflects the ruling of the court and does not constitute agreement with the ruling or waiver of any rights of appeal." Bankr. D. Nev. R. 9021(b)(2)(A), (3).

that Pajarillo's notice of appeal had been received and was deficient for failure to comply with Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. (ECF No. 1-6.)  On the same day, the BAP entered its Briefing Order (ECF No. 1-8) and Opening Letter (ECF No. 1-9), explaining the governing rules and procedures for an appeal, and requested a status report from the bankruptcy court as to whether the record on appeal was complete (ECF No. 1-10).

On April 3, 2013, the bankruptcy court clerk submitted its Status Report to the BAP, indicating that the record had not been forwarded because no designation of record or statement of issues had been filed before the bankruptcy court. (ECF No. 1-11.)  The same day, the BAP entered a Notice of Deficient Appeal and Impending Dismissal warning Pajarillo that he failed to file a Designation of Record or Statement of Issues pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure. (ECF No. 1-12.)  The BAP warned Pajarillo that his appeal may be dismissed for lack of prosecution unless he provided an adequate legal explanation as to why it should not be dismissed, and a statement as to when he filed the missing items in the bankruptcy court. (*Id.*)

On April 17, 2013, Appellees JPMorgan Chase Bank, N.A., and California Reconveyance Company filed their Election to Transfer the appeal to this Court, noting that although Pajarillo had filed an Amended Notice of Appeal in the bankruptcy court docket, he had failed to address the issues noted by the BAP in its Notice of Deficient Appeal and Impending Dismissal. (ECF No. 1-14.)  The following day, Pajarillo's Amended Notice of Appeal was received by the BAP from the bankruptcy court.[8] (ECF No. 1-15.)

On April 18, 2013, Pajarillo's Response to the BAP's Notice of Deficient Appeal and Impending Dismissal was docketed, apparently having been filed before the BAP on April 16, 2013. (ECF No. 1-13.)

---

[8] The bankruptcy court had entered Pajarillo's Amended Notice of Appeal on its docket on April 16, 2013, apparently having received it from Pajarillo on April 15, 2013. (*See* R. at 6.)

In his Response to the BAP's Notice of Deficient Appeal and Impending Dismissal, Pajarillo provides no statement that he filed the missing items required by the BAP. (*See id.*) Instead, Pajarillo states that he is "not aware of any 'missing items' to file with the bankruptcy court." (*Id.*) Pajarillo also includes a heading, "DESIGNATION OF RECORD," under which he states, "I designate the case record in its entirety, with no transcript, with reservation of my right to modify this designation as necessary in the future." (*Id.*) Under "STATEMENT OF ISSUES," Pajarillo states that, "Among other errors and abuse of discretion, Judge Markell:

> 1. Ignored my objections that the opposing parties did not have standing to make *any* claims to my properties;
> 2. Ignored substantive Nevada property law in favor of procedural technicalities;
> 3. Did not require the involvement of the Trustee in the adversary proceeding as a real party in interest;
> 4. Favored a party after being notified it had lied on the record;
> 5. Knowingly allowed the case to proceed even though the file had been tampered with to change the date and time of service;
> 6. Made a final ruling in complete contradiction of his oral ruling; and
> 7. Generally violated both equal protection under the laws and substantive due process!

(*Id.*)

**C. Appellate Proceedings before the Court**

Pajarillo apparently filed the same document before the bankruptcy court on April 17, 2013, which was entered in the bankruptcy court docket on April 18, 2013. (R. at 13.) The bankruptcy court clerk submitted a Certificate of Readiness on May 16, 2013. (ECF No. 5.) The next day, the Court entered its order for a briefing schedule and other governing rules:

> IT IS ORDERED appellant shall have period of fourteen (14) days from date of this order to file/serve opening brief. Appellee shall have fourteen (14) days after to file/serve answering brief. Thereafter, appellant shall have fourteen (14) days to file/serve final reply brief. IT IS FURTHER ORDERED that appellant shall file and serve with appellants brief excerpts of the record as an appendix pursuant to LR 8009(a) and Fed. R. Bank. P. 8009(b). Appellee may also file/serve an appendix with appellees brief which contains required material omitted by appellant. Opening brief due by 6/3/2013. Answering brief due by 6/20/2013. Reply brief due by 7/7/2013.

(Min. Order, May 17, 2013, ECF No. 6.)

Pajarillo subsequently sought and obtained four extensions, the most recent of which set a deadline of September 30, 2013. (*See* Min. Order, May 17, 2013, ECF No. 6; First Mot. to Extend Time, ECF No. 7; Order, June 3, 2013, ECF No. 8; Second Mot. to Extend Time, ECF No. 9; Third Mot. to Extend Time, ECF No. 10; Order, Aug. 1, 2013, ECF No. 12; Fourth Mot. to Extend Time, ECF No. 13; Order, Sept. 19, 2013, ECF No. 14.)

However, instead of filing an opening brief, Pajarillo filed a Motion to Consolidate on September 26, 2013, referring to two other bankruptcy appeals he had filed before the BAP, for which no party had apparently elected to transfer. (ECF No. 15.) The Court denied the motion, reminding Pajarillo of the governing rules and procedures for bankruptcy appeals:

> See United States Code, Title 28, 28 U.S.C. §§ 157–158, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Appellate Panel of the Ninth Circuit, and the website for the United States Bankruptcy Court for the District of Nevada, available at http://www.nvb.uscourts.gov.

(Order, Oct. 9, 2013, 3 n.1, ECF No. 17.)

The Court also addressed Pajarillo's request for a fifth extension:

> In addition, Appellant conclusorily argues that "[t]he schedule for briefing should be adjusted accordingly," and fails to present any cause for the Court's grant of any further extensions to the deadline for the filing of his opening brief. This is insufficient to constitute "good cause" for a fifth extension. Notwithstanding this failure, and in recognition of Appellant's *pro se* status, the Court will grant Appellant twenty-one days from the date of this Order to file his opening brief. The Court finds that Appellant's reliance on his *pro se* status as his sole excuse for multiple procedural violations will no longer be sufficient to justify any further relief. The rules governing bankruptcy appeals are all publicly available, and Appellant's failure to comply with these rules has developed into an apparent demonstration of bad faith.
>   Accordingly, without more, the Court cannot find good cause for further non-compliance, and will grant no further extensions. Appellant's failure to file his opening brief by November 4, 2013, and any further failure to comply with procedural requirements, will result in dismissal of his appeal with prejudice, and this case will be closed.

(*Id.* at 2-3 (footnote omitted).)

1  Pajarillo timely filed his Opening Brief on Monday, November 4, 2013. (ECF No. 18.)
2  However, Pajarillo failed to file excerpts of the record as an appendix to his Opening Brief
3  pursuant to Local Rule 8009(a) and Rule 8009(b) of the Federal Rules of Bankruptcy
4  Procedure[9]. (*See* Min. Order, May 17, 2013, ECF No. 6.)

5  Appellees filed an untimely[10] Answering Brief and Appendix on Friday, November 22,
6  2013. (*See id.*; ECF Nos. 19, 20.)  Pajarillo did not file a reply brief.  No party has included any
7  transcript for the Court's review[11], and no party appears to have requested a transcript of the
8  bankruptcy court's February 28, 2013, hearing on Pajarillo's motion to reopen case.  At the
9  March 18, 2014, hearing, upon explanation and questioning by the Court, no party stated that
10 the transcript of the February 28, 2013, hearing was necessary for the Court's review of the
11 appellate record.

12 **II. JURISDICTION**

13 The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157 and 1334.  Because the
14 bankruptcy court's order denied a motion to reopen a closed case, the bankruptcy court's
15 decision is final. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) ("[A] decision

---

[9] Local Rule 8009 requires the parties to file excerpts of record with the Court "in the same manner as required by Fed. R. Bankr. P. 8009(b) for appeals to the bankruptcy appellate panel." D. Nev. Bankr. R. 8009(a).  For appeals to the bankruptcy appellate panel, Rule 8009(b) requires an appellant to "serve and file with the appellant's brief excerpts of the record as an appendix," which "shall include the following":
    (1) The complaint and answer or other equivalent pleadings;
    (2) Any pretrial order;
    (3) The judgment, order, or decree from which the appeal is taken;
    (4) Any other orders relevant to the appeal;
    (5) The opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published;
    (6) Any motion and response on which the court rendered decision;
    (7) The notice of appeal;
    (8) The relevant entries in the bankruptcy docket; and
    (9) The transcript or portion thereof, if so required by a rule of the bankruptcy appellate panel.
Fed. R. Bankr. P. 8009(b).

[10] "The appellee shall serve and file a brief within 14 days after service of the brief of appellant." Fed. R. Bankr. P. 8009(a)(2).

[11] "The excerpts of record must include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the District Court or other appellate court." D. Nev. Bankr. R. 8009(b).

is ordinarily considered final . . . if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation marks omitted)).

The Court has jurisdiction under 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges."). Appeals under this subsection "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2).

### III. STANDARD OF REVIEW

Denial of a motion to reopen a bankruptcy case is reviewed for abuse of discretion. *See In re Castillo*, 297 F.3d 940, 945 (9th Cir. 2002). Under the "significantly deferential" standard of review for abuse of discretion, a lower court's decision will be affirmed unless it applied the wrong legal rule or its application of the correct legal standard "resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *U.S. v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir. 2009) (en banc).

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. The Court determines de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested. *See Hinkson*, 585 F.3d at 1262.

### IV. ISSUE

Did the bankruptcy court abuse its discretion in denying Pajarillo's Motion to Reopen Case?

## V. DISCUSSION

Under the Bankruptcy Code[12], "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). However, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also* Fed. R. Bankr. P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code.").

"Rule 60 [of the Federal Rules of Civil Procedure] applies in cases under the Code."[13] Fed. R. Bankr. P. 9024. Rule 60 provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons," including "mistake, inadvertence, surprise, or excusable neglect . . . or . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A bankruptcy court's exercise of its authority to reopen a closed case "is conditioned upon a showing that the public interest and the purposes of the Bankruptcy Act will be served by further administration of the estate. *Hull v. Powell*, 309 F.2d 3, 4 (9th Cir. 1962). A bankruptcy court's decision as to whether to reopen a closed case "is entirely within its sound discretion, based upon the circumstances of each case." *In re Castillo*, 297 F.3d 940, 945 (9th Cir. 2002) (internal quotation marks omitted).

On appeal, Pajarillo requests review of the March 7, 2013, order, which states that the motion was denied "for good cause shown, and the reasons stated herein and on the record." However, Pajarillo did not order or provide a transcript of the February 28th hearing on which the order was based. In his Opening Brief, Pajarillo states that he is exempt from the requirement for excerpts of record according to "Circuit Court Rule 30-1.2," which appears to

---

[12] "'Bankruptcy Code' or 'Code' means title 11 of the United States Code." Fed. R. Bankr. P. 9001(2).

[13] Although not relevant to this appeal, "a motion to reopen a case under the Code . . . is not subject to the one year limitation prescribed in Rule 60(c)." Fed. R. Bank. P. 9024.

1 refer to the local rules of the Ninth Circuit Court of Appeals, but not this Court.  However, as
2 explained to Pajarillo at the March 18, 2014, hearing, this citation is incorrect and does not
3 apply to this appeal.

4 The Federal Rules of Bankruptcy Procedure describe the requirements for briefs on
5 appeal, including the requirement that an appellant's brief must include excerpts of the record
6 as an appendix to the brief. Fed. R. Bankr. P. 8009(b).  The Local Rules of Bankruptcy Practice
7 for the District of Nevada require that:

8 • parties file excerpts of record "in the same manner as required by Fed. R. Bankr. P.
9 8009(b) for appeals to the bankruptcy appellate panel," and

10 • "[t]he excerpts of record must include the transcripts necessary for adequate review in
11 light of the standard of review to be applied to the issues before the district court."
12 D. Nev. R. III. 8009.

13 At the March 18, 2014, hearing, the Court explained this to Pajarillo and asked whether
14 the parties agreed that the transcript was unnecessary for the Court's review of the appellate
15 record.  No party stated that the transcript was necessary.

16 Therefore, the Court's only source in the record for determining the bankruptcy court's
17 reasoning is the written order, which states that Pajarillo "had not demonstrated necessary
18 grounds for reopening this bankruptcy case . . . or the related adversary action."

19 In his Opening Brief, Pajarillo argues that the bankruptcy court "erred by denying my
20 motion reopen [sic] the bankruptcy case in order to challenge the dismissal of the adversary
21 proceeding." (Appellant's Opening Br. 3, ECF No. 18.)

22 As shown in the March 7, 2013, order, the bankruptcy court considered Pajarillo's fully-
23 briefed Motion to Reopen Case and gave the parties an opportunity to present oral arguments
24 on the motion at a February 28, 2013, hearing. (R. at 4.)  After considering all the briefs and
25 oral arguments, the bankruptcy court "found that [Pajarillo] had not demonstrated necessary

grounds for reopening this bankruptcy case . . . or the related adversary action." (*Id*.) Therefore, "for good cause shown, and the reasons stated [in the order] and on the record," the bankruptcy court denied Pajarillo's Motion to Reopen. (*Id*.)

On this appellate record, the Court's *de novo* review of the bankruptcy court's legal conclusions shows no error, and the record indicates that the bankruptcy court identified the correct legal rule to apply to the relief requested by Pajarillo under Rule 5010 of the Federal Rules of Bankruptcy Procedure. The Court's review of the record shows no abuse of discretion in the bankruptcy court's factual findings or misapplication of the law to the facts. Accordingly, based upon the record before the Court, Pajarillo has not shown that the bankruptcy court abused its discretion in denying Pajarillo's motion to reopen the case.

## VI. CONCLUSION

**IT IS HEREBY ORDERED** that the March 7, 2013, Order of the United States Bankruptcy Court for the District of Nevada is **AFFIRMED**.

**DATED** this 18 day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court